875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Prentiss L. HOUSTON, Petitioner-Appellant,
v.
Larry LACK, Respondent-Appellee.
 No. 86-5198.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner-appellant, Prentiss Houston (Houston), has appealed the decision of the United States District Court of the Western District of Tennessee, denying his petition for a writ of habeas corpus. On appeal, the petitioner has charged that district court erred in rejecting his argument that his state court conviction was invalid because his guilty plea had not been knowingly and voluntarily entered, as a result of his counsel's ineffective representation and advice. Upon reviewing Houston's assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that the petitioner's assertions are without merit, and that the district court properly denied his petition for the reasons stated in its Order of January 6, 1986. Houston v. Lack, 625 F.Supp. 786 (W.D.Tenn.1986).
 
 
 2
 Houston has additionally urged that his state court conviction was invalid because his trial counsel failed to challenge the State's announced intention to seek the death penalty for the petitioner's involvement in the murder of Marcell Anderson, charging that under the Supreme Court's decision in Edmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), the State of Tennessee was precluded from imposing the death penalty for Houston's role in Anderson's murder. This assignment of error was not joined or argued in either the state or the federal district court. Consequently, it will not be considered by this court in the first instance on appellate review. See, e.g., Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987).
 
 
 3
 Accordingly, the district court's denial of Houston's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Court, Eastern District of Michigan, sitting by designation